UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              Case No. 8:13-cv-210-T-23EAJ

STEPHEN O. BANJOKO
_____/

**O R D E R**

Banjoko petitions for the writ of error *coram nobis* to vacate his conviction and sentence. (Doc. 1) In December, 2003, Banjoko was both convicted of conspiracy to commit witness tampering and sentenced to six months in prison followed by two years of supervised release. *United States v. Stephen O. Banjoko*, 8:03-cr-256-T-30EAJ.

"Federal courts have authority to issue a writ of error *coram nobis* under the All Writs Act, 28 U.S.C. § 1651(a)." *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000), *cert. denied*, 531 U.S. 1144 (2001). *See also Moody v. United States*, 874 F.2d 1575, 1576 (11th Cir. 1989) ("In *United States v. Morgan*, 346 U.S. 502, 74 S. Ct. 247, 98 L. Ed. 248 (1954) (5-4 decision), the sharply-divided Supreme Court determined that the broad all-writs section of the judicial code bestows on federal courts the authority to issue writs in the nature of *coram nobis*."), *cert. denied*, 493 U.S. 1081 (1990). Although he is confined based on an immigration order of removal, Banjoko completed all federal supervision for the conviction he now challenges. As a consequence, Banjoko no longer meets the "in custody" requirement to challenge his

conviction in a motion to vacate under 28 U.S.C. § 2255, and because Banjoko no longer meets the "in custody" requirement, the extraordinary writ of error *coram nobis* is the proper instrument for challenging his conviction. *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002).

*Coram nobis* remains an effective remedy for those who have completed their sentence because "the results of the conviction may persist. Subsequent convictions may carry heavier penalties, civil rights may be affected." *United States v. Morgan*, 346 U.S. 502, 512-13 (2002). Nevertheless, "special restraint" is required when reviewing the merits of a petition for the writ of error *coram nobis*, especially when the conviction is based on a guilty plea. *United States v. Peter*, 310 F.3d at 712. Banjoko pleaded guilty under a plea agreement. (Doc. 59, 8:03-cr-256-T-30EAJ)

A meritorious petition for the writ of error *coram nobis* is rare.

> A writ of error *coram nobis* is "an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). The bar for *coram nobis* relief is high, and the writ may issue only where (1) "there is and was no other available avenue for relief," and (2) "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000). Furthermore, a district court may consider a *coram nobis* petition only where "the petitioner presents sound reasons for failing to seek relief earlier." *Mills*, 221 F.3d at 1204.

*United States v. Louis*, 463 Fed. App'x 819, 820 (11th Cir. 2012). Banjoko fails to meet the second part of *Alikhani*'s test, specifically that an error of fact was of the most fundamental character and rendered the proceeding irregular and invalid. A lack of

subject matter jurisdiction is an example of such fundamental error. *See Alikhani*, 200 F.3d at 734 ("A genuine claim that the district court lacked jurisdiction to adjudicate the petitioner guilty may well be a proper ground for *coram nobis* relief as a matter of law."); *United States v. Peter*, 310 F.3d at 715 ("When a court without jurisdiction convicts and sentences a defendant, the conviction and sentence are void from their inception and remain void long after a defendant has fully suffered their direct force.").

Banjoko alleges that his guilty plea is invalid based on the ineffective assistance of counsel. Banjoko recognizes that, to prove ineffective assistance of counsel, *Strickland v. Washington*, 466 U.S. 668 (1984), requires him to show that counsel's performance was both deficient and prejudicial. To prove prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Banjoko asserts that counsel failed to advise him about the collateral consequences of pleading guilty, specifically that pleading guilty risks automatic deportation. Banjoko asserts entitlement to relief under *Padilla v. Kentucky*, ___ U.S. ___, 130 S. Ct. 1473, 1487 (2010), which holds "that counsel must inform her client whether his plea carries a risk of deportation." Banjoko erroneously contends that *Padilla* applies retroactively under *Teague v. Lane*, 489 U.S. 288 (1989). *Figuereo–Sanchez v. United States*, 678 F.3d 1203, 1209 (11th Cir. 2012), *pet. for cert. filed*, No. 12-164 (July 27, 2012), holds otherwise by "conclud[ing] that

*Padilla* did not announce a watershed rule of criminal procedure." *Figuereo* rejects relief under *Padilla* for ordinary post-conviction relief in a Section 2254 and Section 2255 proceeding. Relief under the extraordinary writ of *coram nobis* is even more difficult. *Rodriguez v. United States*, 2012 WL 5258732 (11th Cir. October 14, 2012), specifically rejects *coram nobis* relief under *Padilla*:

> After the instant appeal, this court issued its decision in *Figuereo–Sanchez v. United States*, 678 F.3d 1203 (11th Cir. 2012). There, we held that the Supreme Court decision in *Padilla v. Kentucky*, ___ U.S. ___, 130 S. Ct. 1473 (2010), is not retroactively applicable to cases on collateral review. For this reason, Appellant is not entitled to relief pursuant to the writ of error *coram nobis*. *See United States v. Swindall*, 107 F.3d 831, 834 (11th Cir. 1997) (holding that a rule of law which is not retroactively applicable to cases on collateral review is "clearly outside the extremely limited scope of a writ of error coram nobis ").

As a consequence, Banjoko fails to prove both the prejudice that *Strickland* requires and the second part of *Alikhani*'s test, specifically that an error of fact was of the most fundamental character and rendered the proceeding irregular and invalid.

Accordingly, Banjoko's petition (Doc. 102) for the writ of error *coram nobis* is **DENIED**. The clerk shall enter a judgment against Banjoko and close this case.

ORDERED in Tampa, Florida, on January 25, 2013.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE